## EJECTMENT NOT AVAILABLE TO A MORTGAGOR WHERE CONDITION OF THE MORTGAGE HAS BEEN BROKEN.

Court of Appeals for Stark County.

ISAAC STRIPE v. THE NATIONAL FIREPROOFING CO.*

Decided, January Term, 1916.

*Foreclosure—Jurisdiction under a Cross-Petition Not Obtained Without Service, When—Rights of Mortgagor and Mortgagee After Condition .Broken—Ejectment.*

1. Jurisdiction to render judgment on a cross-petition is not conferred by the service had on the petition praying for foreclosure of a mortgage, where the cross-petition was not filed for several months after the entering of a decree of sale on the petition, and did not ask for the sale of the same land as that described in the petition but had reference to a different parcel of land, and the relief sought was not the same but of a different nature, and the co-defendant whom it is sought to hold under the service upon the petition did not enter his appearance under the cross-petition.
2. But a suit in ejectment does not lie upon the petition of a mortgagor, or his heirs and devisees or supposed successors in title,

---

*Motion to require the Court of Appeals to certify its record in this case overruled by the Supreme Court, June 6, 1916.

where the condition of the mortgage has been broken; from which it follows that the defective service in the instant case is without avail to the plaintiff who claims title through the mortgagor.

*J. W. Craine* and *J. W. Jeffers,* for plaintiff in error.
*Pomerene, Ambler & Pomerene* and *Kratsch & Maier,* contra.

HOUCK, J.

This is an error proceeding in which it is sought to reverse the judgment of the common pleas court of this county. The parties stand here in the same relation to each other as in the court below. The action was one in ejectment and a jury being waived in the court below was submitted to the court on the petition of the plaintiff and the first defense in the second amended answer of the defendant, the National Fireproofing Company, and the amended reply thereto, and an agreed statement of facts. The court below found for the defendant and error is now prosecuted to this court seeking a reversal of the judgment below. The facts necessary for a proper determination of this controversy obtained from the agreed statement of facts are as follows:

"John Stripe was the owner of the northwest quarter of Section No. 31, Township No. 12, Range No. 8, Stark county, Ohio. On June 1, 1864, to secure certain notes John Stripe executed and delivered to Daniel J. Wise a mortgage on the south half of said northwest quarter. Later Daniel J. Wise sold and transferred his notes and mortgages to John H. Wise. John H. Wise died, and these notes and mortgages came into the possession of Oliver P. Shanafelt as his administrator. On April 7, 1877, John Stripe and wife, for the purpose of securing nine promissory notes, executed and delivered to Hiram Stripe a mortgage on the entire northwest quarter, excepting 1.35 acres. This mortgage was the second mortgage on the south half and the first mortgage on the north half of said northwest quarter. On the 8th day of April, 1878, Hiram Stripe transferred his notes and mortgage to Hiram R. Wise. On the 15th day of March, 1878, John Stripe and wife, to secure certain notes, executed and delivered to John Miller a mortgage on the entire northwest quarter, excepting said 1.35 acres, which mortgage was the third mortgage on the south half and the second mortgage on the north half of said real estate.

"Oliver P. Shanafelt, as administrator, on the 13th day of May, 1884, commenced an action to foreclose his mortgage on the south half of said northwest quarter making John Stripe, Hiram R. Wise, John Miller et al, defendants, and served all of the defendants with summons excepting John Miller. John Stripe having filed an answer to the petition of Oliver P. Shanafelt, as administrator, said administrator having filed a reply to said answer, the cause came on for hearing on said petition, answer and reply, and on the 2nd day of January, 1885, a decree was rendered in favor of the plaintiff, Oliver P. Shanafelt, as such administrator. At the time of this decree, which was January 2, 1885, Hiram R. Wise had not filed an answer or cross-petition in this case, although the case was started May 13, 1884, and Hiram R. Wise was duly served with summons. On September 11, 1885, being eight months and nine days after the trial and decree entered in favor of the plaintiff, Oliver P. Shanafelt, Hiram R. Wise filed his cross-petition praying to have his mortgage foreclosed not only on the south half but on the north half of said northwest quarter. No summons was issued under this cross-petition, nor did John Stripe enter his appearance. On March 1, 1886, the south half of said northwest quarter was sold under the decree rendered in favor of Oliver P. Shanafelt, administrator, and on March 3, 1886, said decree was confirmed and deed ordered, the purchaser being Hiram R. Wise. On March 1, 1886, Hiram R. Wise obtained a judgment and decree under his said cross-petition. On August 17, 1891, Hiram R. Wise assigned and transferred whatever interest he had in his decree to George W. Crouse, and on December 14, 1895, the north half of said northwest quarter was sold under the Hiram R. Wise decree to George W. Crouse, and on December 16, 1895, the sale was confirmed by the court and said Crouse entered into possession of said premises and continued thus until he sold same to the defendant, the National Fireproofing Company, which was in the actual possession of same at the commencement of the suit in ejectment. That John Stripe on November 16, 1892, executed his last will and testament in which he attempted to devise the real estate in question to certain heirs, and the plaintiff now claims title thereto by said devise and certain deeds conveying the same to him. That said John Stripe departed this life on July 18, 1894, and at said time was in the actual possession of the real estate in question."

We find from the facts in this case but two questions are presented for determination by the court, and that they are decisive

of this controversy. The first question is, Did the court have jurisdiction over the person of John Stripe in face of the fact that no summons was served on him and there being no waiver of service of summons by him on the cross-petition of Hiram R. Wise? The facts clearly show that the petition upon which service was had did not include the real estate sought to be sold under and by the cross-petition of Hiram R. Wise, but embraced an entirely different parcel of land, and the relief sought in the cross-petition was of a different nature and not the same, and therefore certainly could not bind John Stripe when he had not been served with summons and had not otherwise entered his appearance with reference to the relief sought in the cross-petition.

We feel that our Supreme Court has finally determined this question in the case of *Southward* v. *Jamison et al,* 66 O. S., 290, the first syllabus being as follows:

"So long as the cross-petition in a case is strictly confined to matters in question in the petition, the summons issued on the petition would be sufficient notice to sustain a judgment rendered on the cross-petition, but when the cross-petition sets up matters which are not drawn in question in the petition, and seeks affirmative relief against a co-defendant of a nature different from that sought in the petition, a summons to the party to be charged issued on the petition will not confer jurisdiction to render judgment on the cross-petition, especially when the cross-petition is filed after the defendant thereto is in default for answer to the petition and a summons on the cross-petition in such case is necessary."

But we do not think this question is decisive of the real problem to be solved in the case at bar. We hold that it must be determined upon the rights of mortgagor and mortgagee after condition broken, which brings us to the second question in this inquiry. What are the legal rights of the mortgagor and mortgagee of real property after condition in the mortgage is broken? Was the remedy of plaintiff, if he had any, ejectment? We think not. Section 11903 of the General Code of Ohio provides:

"In an action for the recovery of real property, it shall be sufficient if the plaintiff sets up in his petition that he has a legal

estate therein and is entitled to the possession thereof, describing it with certainty as to identity, and that the defendant unlawfully keeps him out of the possession." * * *

The plaintiff must allege and prove that he has a legal estate in the real estate of which he seeks to gain possession. Did Isaac Stripe have a legal estate in the real estate in question at the time of the commencement of this suit? Certainly not. He had the title, if any, that John Stripe had in same, and what title did John Stripe have at the time of his decease? Simply the equity of redemption growing out of his rights as mortgagor after the condition in the mortgage had been broken. What are the rights of a mortgagor in the mortgaged premises after the condition in the mortgage is broken?

"A mortgage on real estate is regarded in equity as a mere security for the performance of its condition of defeasance and when that condition is a payment of a debt the security is regarded as an incident of the debt." *Swartz* v. *Leist*, 13 O. S., 419.

"The mortgage being in equity regarded as a mere security for the debt, the legal title to the mortgaged premises remains in the mortgagor as against all the world, except the mortgagee, and also as against him until condition broken, but after condition broken the legal title as between mortgagor and mortgagee is vested in the mortgagee." *Allen* v. *Everly*, 24 O. S., 97; *Hibbs* v. *Ins. Co.*, 40 O. S., 543-559; *Martin* v. *Alter*, 42 O. S., 94.

"In our own state the right to foreclose a mortgage after condition broken either by a strict foreclosure or by a foreclosure and sale of the mortgaged property, continued down to the adoption of the Code of Civil Procedure in 1853. By Section 374 of the Code (which is now Section 11588 of the General Code) it is provided that: 'When the mortgage is foreclosed a sale of the premises shall be ordered.' This prohibits a strict foreclosure in this state, and now after condition broken if the mortgagee appeals to the courts to enforce his mortgage he must elect between two remedies, he may sue for the recovery of the possession of the land in a real action in the nature of ejectment, using his mortgage to prove his title, or he may sue for a foreclosure of his mortgage and a sale of the mortgaged premises. After condition broken the title is vested in the mortgagee as between him and the mortgagor, and as the right of the mortgagee to recover the possession of the land by ejectment always existed

at common law and has not been taken away by statute, it still exists in this state.'' *Kerr et al* v. *Lydecker, admrx.,* 51 ·O. S., 249-250.

Applying the above principles of law to the conceded facts in this case we can reach but one conclusion, and that is that the judgment of the common pleas court is right and should be affirmed.

Judgment affirmed.

POWELL, J., and FERNEDING, J. (sitting in place of Shields, J.), concur.