[No. 12654-7-I. Division One. May 7, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. RICK K. DANIELSON, *Appellant.*

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Edwin K. Inkley* and *Scott McKay, Deputies,* for respondent.

CORBETT, J.—Defendant, Rick K. Danielson, appeals from a juvenile court disposition order entered after a finding of guilt on the charge of felony flight contrary to RCW 46.61.024. We affirm.

The automobile chase began when the suspect vehicle failed to respond to a police officer's hand signal to stop. Subsequently, two police officers on motorcycles pursued the car over a distance of 3 miles at very high speeds. The chase ended when the car became stuck in a large mud

puddle. The driver and passenger emerged from the car and ran in opposite directions. The police remained at the scene and arranged for impoundment of the vehicle. A person believed to be the passenger was apprehended nearby.

One of the officers involved in the chase, Officer Nordquist, testified that he was told by the passenger's father that he would have the driver call the officer. Officer Nordquist testified that he subsequently received a call from a person identifying himself as Rick Danielson. Defendant objected to the officer's testimony relating the substance of the telephone conversation and assigns error to its admission.

Defendant argues that in order for the statements made to the officer to be admitted as admissions of the defendant under ER 801(d)(2), the State must first prove that the defendant was the person speaking to the officer on the telephone. ER 901(a).

Initially, we reject the defendant's contention that the State may not establish the identity of the caller by reference to the same hearsay sought to be introduced as substantive evidence. Because determination of the identity of the caller was a preliminary question, and thus a matter of conditional relevance governed by ER 104(b), *see* Comment, ER 901, the rules of evidence do not apply. ER 104(a); ER 1101(c)(1). Thus there is no hearsay bar to the use of Officer Nordquist's testimony for the purpose of establishing identity. The remaining question is whether this evidence was in fact properly authenticated.

The declarant's message during the telephone conversation may itself provide evidence of identification and authentication. *State v. Deaver,* 6 Wn. App. 216, 219, 491 P.2d 1363 (1971). ER 901(b) gives illustrations of authentication, which may include distinctive characteristics in form or content, ER 901(b)(4), and self–authentication in telephone conversations, ER 901(b)(6). The identification requirement has been met if sufficient proof is introduced to permit a reasonable trier of fact to find in favor of authentication or identification. *See* Comment, ER 901; 5A

K. Tegland, Wash. Prac., *Evidence* § 452 (2d ed. 1982). The identity of a party making a telephone call may be established by direct or circumstantial evidence. *State v. Elie,* 4 Wn. App. 352, 353, 481 P.2d 464 (1971).

The evidence tending to establish that it was the defendant who placed the call to Officer Nordquist may be summarized:

1. The caller identified himself as the defendant;

2. The birth date given by the caller matched that of the defendant and was verified through Department of Licensing records and an existing field interview record;

3. The address given by the caller matched the address for the defendant listed on the vehicle impound form;

4. The caller stated that he was calling in response to a request by the passenger's father, who was named; and

5. The caller stated that he did not stop because he had an outstanding warrant and did not want to go to jail. Officer Nordquist verified that there was indeed an outstanding warrant for the defendant.

In addition to identifying himself as the defendant, the caller disclosed knowledge of numerous facts of a personal nature, all consistent with the defendant's identity. This was sufficient proof of identification.

Telephone communications, once authenticated, may be shown in the same manner and with like effect as face–to–face conversations between individuals. *State v. Deaver, supra* at 219. The statements made to Officer Nordquist were properly admitted as admissions. ER 801(d)(2)(i); *see* 5A K. Tegland, § 344, at 145. The court did not abuse its discretion in admitting Officer Nordquist's testimony relating to the telephone conversation.

Officer Nordquist testified that in the telephone conversation, the defendant did not specifically say that he was the driver of the vehicle. Defendant now contends that even if the statements made in the telephone conversation are considered, there was insufficient evidence to prove beyond a reasonable doubt that he was the driver of the vehicle. *See State v. Green,* 94 Wn.2d 216, 221–22, 616 P.2d 628

(1980). Defendant concedes that the State proved all elements of felony flight with the exception of identity. Evidence of identity, other than the defendant's own statements, included the testimony of his mother, who stated that she was the registered owner of the vehicle, but that the defendant had free use of it and was its primary driver. On the day of the incident, she returned home to find the car missing. When she asked the defendant about it, he responded that it was "stuck in a ditch" and had been "towed away." Defendant later told his mother that when he returned to get his car, he was frightened because police officers and a tow truck were there. Defendant also told her he thought there might be some problem because he remembered passing officers on the highway, and they looked like the same ones supervising the towing. She also testified that he admitted to her that he might have been speeding a little bit when he passed the officers. The passenger's father testified that he discussed the incident with the defendant a few days after it occurred, and the defendant stated that the gas pedal stuck. There is ample evidence in the record from which a rational trier of fact could have found beyond a reasonable doubt that the defendant was the driver of the vehicle. *State v. Green, supra* at 221–22.

Affirmed.

DURHAM, C.J., and SCHOLFIELD, J., concur.