[No. 19829-7-I.   Division One.   August 10, 1988.]

ALEXANDER PASSOVOY, ET AL, *Appellants,* v. NORDSTROM, INC., ET AL, *Respondents.*

---

*Richard J. Hilfer* and *Bangs, Castle, Schnautz & Hilfer, P.S.,* for appellants.

*David C. Lycette, D. Michael Reilly,* and *Lane, Powell, Moss & Miller,* for respondents.

WEBSTER, J.—Alexander Passovoy and William Pack (hereinafter Passovoy), brought a negligence suit against Nordstrom, Inc., based on injuries they received while shopping in a Nordstrom store. On appeal, Passovoy contends that the trial court erred when it granted summary judgment for Nordstrom. We reverse.

## FACTS

On September 20, 1985, store detective David Siler was on duty in the Nordstrom store when he became suspicious of two men. As Siler watched, the two men surreptitiously placed clothing into bags. Siler notified other store detectives, and they decided to confront the men in the store. In his deposition, Siler stated:

> [W]e felt it would be in our best interests for our own personal safety to stop them prior to them exiting the store. We do that on occasion if we feel like someone might run, or if it is a dangerous situation we will stop them prior to them leaving the store.

The suspects took an elevator up to the main floor; Siler rushed up the stairs and met Nordstrom employees David Horowitz and Charles Dudley at the elevator door. There, the detectives took the suspects into custody. According to Horowitz's deposition,

[a]t that point we formed sort of a triangle type of a situation around the suspects so that we would shield them from the door. We were trying to cut off any chance of them being able to run.

From the elevator, the detectives escorted the suspects up a flight of stairs through the men's department and, then, to the security office.

Horowitz thought that both suspects were nervous. Neither suspect talked. At the door to the security office, one of the suspects attempted an escape, which, after a struggle, was foiled by Horowitz. When Dudley assisted Horowitz, the other suspect dropped his bag and fled in the direction from which the group had come. Siler pursued him.

According to Siler,

it was crowded, fairly crowded in that part of the store, especially. We had just been in that area where I know that the guy had been running back against, even though I didn't see him, but I knew there may have been some other customers around there.

Meanwhile, Passovoy and Pack, who had been shopping in the store, began walking down the stairs. Siler saw the fleeing suspect run down the stairs and shove Passovoy and Pack aside. Although Siler does not recall whether he yelled a warning during his pursuit of the suspect, Passovoy stated in his affidavit that he received no warning. Passovoy fell to the bottom of the stairs and Pack was left slumped over the stair railing. The suspect then ran out of the store through a nearby door. Siler chased the suspect outside, yelling "stop that man". Detectives from a nearby department store caught the suspect and turned him over to Siler.

After the incident, Pack returned to his home in England and Passovoy to his home in Oregon. In his affidavit, Passovoy claimed that he telephoned Nordstrom because Pack was having difficulty getting his medical bills paid. Passovoy averred that in response, he received a telephone call from a Nordstrom employee who said that she had been given responsibility for handling the case. According to Passovoy, she further stated that the detectives should

not have been chasing a shoplifter through the store because that was dangerous, that the detectives are instructed always to consider the safety of customers, and that, as a result of the incident, the store detectives had been retrained.

Nordstrom filed a motion to strike Passovoy's affidavit on the ground that these statements were hearsay. The trial court granted Nordstrom's motion, striking only the "alleged statements by Nordstrom's employees" from Passovoy's affidavit. The court then granted summary judgment for Nordstrom and dismissed the case.

### AFFIDAVIT

We first address Passovoy's argument that the trial court improperly struck the Nordstrom employee's statements from his affidavit. CR 56(e) requires that affidavits submitted in a summary judgment motion set forth facts as would be admissible in evidence. The statements at issue in Passovoy's affidavit are hearsay; therefore, unless some exception to hearsay is applicable, these statements were properly disregarded by the trial court under CR 56(e).

Passovoy argues that the statements are not hearsay because they are admissions by a party opponent. In pertinent part, ER 801(d)(2) provides that:

A statement is not hearsay if

. . .

(2) *Admission by Party–Opponent.* The statement is offered against a party and is . . . (iii) a statement by a person authorized by him to make a statement concerning the subject, or (iv) a statement by his agent or servant acting within the scope of his authority to make the statement for the party . . .

When applying ER 801(d)(2), Washington follows the Restatement (Second) of Agency § 286 (1958), which requires that an agent have speaking authority. *Codd v. Stevens Pass, Inc.,* 45 Wn. App. 393, 404, 725 P.2d 1008 (1986), *review denied,* 107 Wn.2d 1020 (1987); *Donald B. Murphy Contractors, Inc. v. State,* 40 Wn. App. 98, 108–10, 696 P.2d 1270, *review denied,* 103 Wn.2d 1039 (1985). In

order to fall under the rule, the declarant must be authorized to make the particular statement at issue, or statements concerning the subject matter, on behalf of the party. *Lockwood v. A C & S, Inc.,* 109 Wn.2d 235, 262, 744 P.2d 605 (1987); *Barrie v. Hosts of Am., Inc.,* 94 Wn.2d 640, 644, 618 P.2d 96 (1980). When a person does not have specific express authority to make statements on behalf of a party, the overall nature of his authority to act for the party may determine if he is a speaking agent. *Lockwood,* at 262.

In *Barrie,* the issue was whether the deceased had been served in an obviously intoxicated condition by the defendant cocktail lounge. In opposition to the defendant's motion for summary judgment, the plaintiff submitted the affidavit of its attorney. In that affidavit, the attorney claimed that during a telephone call, the defendant's bar manager told the attorney that the deceased had been "smashed". On appeal, the court rejected the argument that the statement was an admission under ER 801(d)(2) because nothing in the record showed that the bar manager was authorized to make the statement. *Barrie,* at 644.

Passovoy argues that, unlike *Barrie,* the affidavit here lays a foundation for the use of the statements as substantive evidence. He then refers us to the allegations in his affidavit that he called Nordstrom and that the employee returned the phone call, demonstrated familiarity with the incident, and claimed responsibility for handling the case. However, Passovoy has confused two separate but related evidentiary rules concerning the identity of the speaker (authentication under ER 901) and the subject of the conversation (admissibility under ER 801(d)(2)).

ER 901 imposes a requirement of authentication or identification as a condition precedent to admissibility. *See* ER 901(a). Because this determination is a preliminary question, *see* ER 901, the rules of evidence do not apply. ER 104(a); ER 1101(c)(1). *State v. Danielson,* 37 Wn. App. 469, 471, 681 P.2d 260 (1984). Consequently, the trial court

could have considered the statements in Passovoy's affidavit for the purpose of establishing the identity of of the caller. *See Danielson,* at 471.

The identity of a party may be established by direct or circumstantial evidence. *Danielson,* at 472. The court should admit the evidence if there is sufficient proof to permit a reasonable juror to find in favor of authentication, or identification. *See* comment, ER 901. 5A K. Tegland, Wash. Prac., *Evidence* § 452 (2d ed. 1980).

Testimony that the person on the other end of the line identified himself as a specific person is, alone, insufficient. *State v. Deaver,* 6 Wn. App. 216, 491 P.2d 1363 (1971). However, courts routinely find a call to be authenticated when self–identification is combined with virtually any circumstantial evidence. 5A K. Tegland § 458, at n.1.[1] The evidence here was sufficient to authenticate the call. In addition to the fact that the caller identified herself as a Nordstrom employee, the call was made in response to Passovoy's call, and the caller demonstrated familiarity with the facts of the incident.

However, a separate inquiry is needed to resolve the issue before us on appeal, namely, whether the statements qualify as admissions by a party opponent under ER 801(d)(2). Unless the fact of the agency may be inferred from other evidence, the mere declarations of an alleged agent, made out of court, may not be used to establish the fact of his agency, *Stouffer–Bowman, Inc. v. Webber,* 18 Wn.2d 416, 425, 139 P.2d 717 (1943), or the nature and extent of his

---

[1]*See, e.g., Ingraham v. Associated Oil Co.,* 166 Wash. 305, 6 P.2d 645 (1932) (plaintiff called the telephone number of the defendant company, asked for a specific person who was out at the time, and then an unidentified person took the phone and gave plaintiff the information he requested); *Beeler v. Pacific Fruit & Produce Co.,* 133 Wash. 116, 118, 233 P. 4 (1925) (plaintiff called the telephone number of the defendant company, was told by an unknown person that he had reached the company and that a certain man would be sent to see him, and the man came to see him); *State v. Danielson,* at 472 (admission of telephone conversation between police officer and defendant proper because the caller identified himself as defendant, knew certain personal information about the defendant, and returned the police officer's call as requested earlier).

authority. *Woodworth v. School Dist. 2, Stevens Cy.,* 92 Wash. 456, 461, 159 P.2d 757 (1916). Independent proof of the existence of the agency and its scope must be shown. 4 J. Weinstein & M. Berger, *Evidence* § 801(d)(2)(C)[01] (1987). Here, Passovoy sought to prove the fact and the scope of the agency from the hearsay statements alone; therefore, the trial court properly struck that portion of the affidavit.

### NEGLIGENCE

We next consider Passovoy's argument that even if the statements were properly stricken, the remaining materials submitted on the motion establish a question of fact. Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Barrie,* at 643. Negligence occurs when a party breaches a duty owed to another party. *Wojcik v. Chrysler Corp.,* 50 Wn. App. 849, 854, 751 P.2d 854 (1988). Although other jurisdictions have considered the issue, no Washington case has discussed a merchant's liability to its patrons for injury caused by a fleeing shoplifter. *See* Annot., *Liability of Storekeeper for Injury to Customer Arising Out of Pursuit of Shoplifter,* 14 A.L.R. 4th 950 (1982). However, our Supreme Court has held that a merchant is not an insurer of the safety of its patrons, but owes a duty to exercise reasonable care and diligence to protect them from reasonably foreseeable injury at the hands of other patrons. *Shelby v. Keck,* 85 Wn.2d 911, 914, 541 P.2d 365 (1975).

█ Passovoy maintains that Nordstrom failed to meet its duty of care because the detectives did not warn him and Pack about the pursuit of the suspect. Restatement (Second) of Torts § 344 (1965) states:

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for

such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) *give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.*

(Italics ours.) We conclude that Passovoy's argument has merit.

On review of a summary judgment motion, this court must accept all facts as true and consider all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Wojcik,* at 853. Consequently, we accept as true the fact that the detectives suspected that the two men might attempt an escape, that the pursuit took place in a crowded store, and that Siler failed to warn customers known to be in the area of the chase.

In its brief, Nordstrom contends that the incident occurred within a "split second" and that Siler did not have time to give a warning. However, none of the materials submitted by Nordstrom state these contentions. Courts scrutinize with care the affidavits of the moving party and indulge in some leniency with respect to the affidavits of the opposing party. *Meadows v. Grant's Auto Brokers, Inc.,* 71 Wn.2d 874, 879, 431 P.2d 216 (1967). The record indicates that the suspect was chased through part of a department within the store and then down the stairs. We infer from this evidence that the accident took place more than a split second after the pursuit began. Considering the facts before us and the inferences therefrom, we conclude that a material issue of fact exists concerning whether the detective could have warned Passovoy and Pack in time for them to protect themselves.

Nordstrom also argues that it was not the proximate cause of the accident. Washington recognizes two elements

to proximate cause: cause in fact and legal causation. *Hartley v. State,* 103 Wn.2d 768, 777, 698 P.2d 77 (1985). The first element refers to the "'but for' consequences of an act—the physical connection between an act and an injury." *Hartley,* at 778. We reject Nordstrom's argument that it was not the cause in fact of the injury because the suspect, and not the detective, bumped into the customer. Assuming that Nordstrom did not meet its duty to warn the customers, both Nordstrom and the suspect would be concurrent tortfeasors, and each could be held liable for the injury caused by their negligence. *See Mason v. Bitton,* 85 Wn.2d 321, 534 P.2d 1360 (1975).

■ Nordstrom also argues that it was not the proximate cause of the injuries because the suspect's criminal act was unanticipated and, thus, a superseding cause of the accident. Legal causation rests on policy considerations as to how far the consequences of defendant's acts should extend. *Hartley,* at 779. Only when the intervening negligence is so highly extraordinary or unexpected that it can be said to fall outside the realm of reasonable foreseeability, as a matter of law, will it be held to supersede the defendant's negligence. *Smith v. Acme Painting Co.,* 16 Wn. App. 389, 558 P.2d 811 (1976).

> If the likelihood that a third person may act in a particular manner is . . . one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby.

Restatement of (Second) of Torts § 449 (1965), cited in *Campbell v. ITE Imperial Corp.,* 107 Wn.2d 807, 813, 733 P.2d 969 (1987).

The likelihood that a pursued shoplifter might knock down an unsuspecting customer in a crowded store is one of the hazards which may result from a store's failure to give a warning. The two cases cited by Nordstrom for the proposition that a third party's criminal act is a superseding cause is, upon closer examination, explained by the Restatement section previously cited. *See Pratt v. Thomas,*

80 Wn.2d 117, 491 P.2d 1285 (1971) (owner of car, which was not locked and later stolen, is not liable to passengers injured in an accident which occurred after a high–speed chase by police); *Whitehead v. Stringer,* 106 Wash. 501, 180 P. 486, 5 A.L.R. 358 (1919) (deputy sheriff knew, or in exercise of ordinary care, should have known that arrestee's truck was left in a dangerous place where its parts were likely to be stolen).

Last, Nordstrom argues that any improper conduct on its part is excused by virtue of a common law shopkeeper's privilege and refers us to the Restatement (Second) of Torts § 83, which provides:

> Liability to Third Person
> An act which is privileged for the purpose of preventing or terminating another's intrusion upon the actor's possession of land or chattels does not subject the actor to liability to a third person for any harm unintentionally done to him unless the actor realizes or should realize that his act creates an unreasonable risk of causing such harm.

This argument is also without merit. As the Restatement provides, the defense is not available if "the actor realizes or should realize that his act creates an unreasonable risk of causing such harm." This is merely another way of stating that one may not act negligently while defending property. Under the facts of this case, that question is for the jury.

Having determined that a material issue of fact exists, we reverse the grant of summary judgment and remand for trial.

COLEMAN, A.C.J., and SCHUMACHER, J. Pro Tem., concur.

Reconsideration denied November 1, 1988.

Review denied by Supreme Court February 28, 1989.