Danny STEVENS, Jr., By His Father and Mother and Next Friends, Dan STEVENS and Debra Stevens; and Dan Stevens and Debra Stevens, Individually, Appellants,

v.

The DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT, Appellee.

No. 93–1704.

Supreme Court of Iowa.

Feb. 22, 1995.

Frederick B. Anderson of Wiggins & Anderson, P.C., West Des Moines, for appellants.

Andrew J. Bracken of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and ANDREASEN, JJ.

LARSON, Justice.

Danny Stevens was attending a middle school in Des Moines when he was beaten by another student, Shawn Harris. Danny and his parents (collectively "Stevens" or "the plaintiff") sued the Des Moines Public School District, alleging failure to reasonably warn potential victims of Shawn Harris's violent nature, failure to control Harris, and failure to properly supervise the students. The jury found that the school was negligent, but found that its negligence was not a proximate cause of the injuries. The plaintiff appealed. We reverse and remand.

The gist of the plaintiffs' action was that the school had been negligent in the protection of its students, specifically Danny. The record reveals the following facts supporting the jury's finding of negligence. Shawn Harris mistakenly believed that Stevens was the brother of an older boy who had struck Harris earlier on the day of the assault. Harris reported that Stevens had provoked him by calling him a "nigger." Harris chased Stevens down the hallway at the school and beat him. The school records contain an extensive record of aggressive acts by Harris.

The plaintiffs alleged that the school was negligent in failing to warn Stevens that Harris might be seeking revenge against Stevens and in failing to provide adequate hall monitoring.

The district court submitted the case to the jury with an instruction that, if the plaintiff's injuries resulted from an unforeseen and sudden act of another pupil, this act would be a superseding cause of the injury and that the negligence of the school district could not be the proximate cause. It is this instruction that provides the primary issue on appeal.

### I. The Superseding Cause Issue.

The district court gave Uniform Jury Instruction 700.3, the general instruction on proximate cause. Neither party objected to this instruction. But the court gave an additional instruction on proximate cause that did raise an objection. This was Instruction No. 24, which stated:

> If you find that the injuries resulted from an unforeseen and sudden, impulsive or spontaneous act of another pupil, such act is the superseding cause of injury and

the conduct cannot be considered to be a proximate cause of the injury.

At trial, the plaintiff objected to this instruction on the ground that it was "not the law in Iowa" and was "not applicable to this case in which we have a special duty of hall monitors while they're in the halls."

We address the issue raised by Instruction No. 24, despite Stevens' failure to clearly state the grounds for the objection. We do so because (1) the objection at least alluded to the problem with Instruction No. 24 by raising the "special duties" of hall monitors (presumably to protect students from aggressive acts by others); and (2) most important, the school district concedes in its brief that the plaintiff preserved error on the issue.

The general rule on superseding cause is stated by the Restatement:

The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.

Restatement (Second) of Torts § 448 (1965). The Restatement section that follows, however, qualifies the general rule in some cases:

If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby.

Restatement (Second) of Torts § 449. This is the rule that applies in this case.

Comment *b* to section 449 states:

The happening of the very event the likelihood of which makes the actor's conduct negligent and so subjects the actor to liability cannot relieve him from liability. The duty to refrain from the act committed or to do the act omitted is imposed to protect the other from this very danger. To deny recovery because the other's exposure to the very risk from which it was the purpose of the duty to protect him resulted in harm to him, would be to deprive the other of all protection and to make the duty a nullity.

Instruction No. 24 should not have been given under the facts of this case. The gist of the plaintiffs' claim was that the defendant had a duty to control the students, warn of danger, and supervise the premises. If a breach of that duty occurs and assault is committed on a student as a result, it would be ironic to consider the assault as a superseding cause excusing the school from the effects of its own negligence.

Obviously the defendant cannot be relieved from liability by the fact that the risk, or a substantial or important part of the risk, to which the defendant has subjected the plaintiff has indeed come to pass. Foreseeable intervening forces are within the scope of the original risk, and hence of the defendant's negligence. The courts are quite generally agreed that intervening causes which fall fairly in this category will not supersede the defendant's responsibility.

W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 44, at 303–04 (5th ed. 1984).

Case law also supports this view. For example, in *Titus v. Lindberg,* 49 N.J. 66, 228 A.2d 65 (1967), a nine-year-old student sued a principal and board of education for injuries inflicted by another student. The school argued that, even if a lack of supervision were assumed, the offending student's deliberate conduct rather than negligent supervision was the sole proximate cause of the injury.

The court rejected this argument because

presumably [the jury] found that conduct of the type engaged in by [the other student] was reasonably to be anticipated and guarded against and that [the defendant's] failure to do so was a substantial factor in the occurrence. That being so, there was ample basis for finding proximate causa-

tion and holding [the defendant] liable in addition to [the other student].

*Id.* at 75, 228 A.2d at 70.

In *Dailey v. Los Angeles Unified School District,* 2 Cal.3d 741, 470 P.2d 360, 87 Cal. Rptr. 376 (1970), a student died from "slap boxing" at the school. The plaintiff alleged negligent supervision, and the issue was whether the blow by the other contestant was a superseding cause of the injury. The court ruled that it was not.

> The fact that another student's misconduct was the precipitating cause of the injury does not compel a conclusion that negligent supervision was not the proximate cause of [the student's] death. Neither the mere involvement of a third party nor that party's wrongful conduct is sufficient in itself to absolve the defendants of liability, once a negligent failure to provide adequate supervision is shown. Nor is this a case in which the intervening conduct of the other student is so bizarre or unpredictable as to warrant a limitation of liability through the expedient of concluding, as a matter of law, that a negligent failure to supervise was not the proximate cause of the injury.... The events which occurred in the instant case are precisely what one would expect from unsupervised adolescents. Of course, it is not necessary that the exact injuries which occurred have been foreseeable; it is enough that "a reasonably prudent person would foresee that injuries of the same general type would be likely to occur in the absence of adequate safeguards."

*Id.* at 750–51, 470 P.2d at 365–66, 87 Cal. Rptr. at 381–82 (citations omitted) (footnote omitted).

The problem with the superseding cause defense in school supervision cases is succinctly stated in *Doe v. Durtschi,* 110 Idaho 466, 716 P.2d 1238 (1986). In this case, a student had been sexually assaulted by a faculty member. In the suit against the school, the school alleged that the intervening act of the teacher was a superseding cause of the injury. The court stated:

> The concept of supervening causation is inapplicable, under the allegations of the present case. [The teacher's] actions were the foreseeable result of the school district's alleged failure to exercise due care to protect its students. *The very risk which constituted the district's negligence was the probability that such actions might occur.*

> It is clearly unsound to afford immunity to a negligent defendant because the intervening force, the very anticipation of which made his conduct negligent, has brought about the expected harm.

*Id.* at 471, 716 P.2d at 1243 (citing Restatement (Second) of Torts § 449) (emphasis added).

The court in that case continued:

> The fact that the foreseeable danger was from intentional or criminal misconduct is irrelevant; the school district had a statutory duty to make reasonable efforts to protect its students from such danger. A breach of that duty constitutes negligence. Under the allegations of the present case, [the teacher's] actions would not constitute a supervening cause, and the school district's tortious conduct would not arise out of assault and battery. Rather, the roots of the assault and battery would be in the district's own negligence.

*Durtschi,* 110 Idaho at 472, 716 P.2d at 1244.

Analogous cases involving criminal acts by outsiders (as opposed to those by fellow students) provide a more compelling argument for a superseding cause defense because of the reduced level of foreseeability by the defendants. Nevertheless, courts have quite uniformly rejected the superseding cause argument.

In a case involving criminal conduct in a department store, the store contended that the intervening act of a criminal was the superseding cause of the plaintiff's injuries. The court rejected the argument because,

> [i]f the likelihood that a third person may act in a particular manner is ... one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby.

*Passovoy v. Nordstrom, Inc.,* 52 Wash.App. 166, 174, 758 P.2d 524, 529 (1988) (citing Restatement (Second) of Torts § 449).

In *Sharp v. W.H. Moore, Inc.,* 118 Idaho 297, 796 P.2d 506 (1990), a worker was raped in an office building and claimed insufficient security. The court noted that the

[d]efendants ... argue that the occurrence of criminal activity is an intervening, superseding force that breaks the chain of causation potentially binding defendants to liability. While this is a superficially pleasing statement of a general rule, it has no applicability under the circumstances of this case. Here the precise hazard to be guarded against is criminal activity.

*Id.* at 302, 796 P.2d at 511 (quoting Restatement (Second) of Torts § 449).

Several annotations discuss the general area of school liability to students, including the question of proximate cause. *See, e.g.,* Christopher Bello, Annotation, *Personal Liability of Public School Teacher in Negligence Action for Personal Injury or Death of Student,* 34 A.L.R.4th 228 (1984); Allan E. Korpela, Annotation, *Tort Liability of Public Schools and Institutions of Higher Learning for Injuries Resulting from Lack or Insufficiency of Supervision,* 38 A.L.R.3d 830 (1971); Allan E. Korpela, Annotation, *Tort Liability of Public Schools and Institutions of Higher Learning for Injuries Caused by Acts of Fellow Students,* 36 A.L.R.3d 330 (1971).

The defendant argues that the superseding cause instruction was proper in any event because it would have been impossible for the school authorities to intervene in time to avoid the assault. This begs the question. The negligence alleged was the school's allowing an atmosphere to exist in which such confrontation could occur. An expert witness for the plaintiff stated the obvious: the mere presence of a staff person is usually sufficient to prevent violence. As one case noted,

[c]hildren have a known proclivity to act impulsively without thought of the possibilities of danger. It is precisely this lack of mature judgment which makes supervision so vital. The mere presence of the hand of authority and discipline normally is effective to curb this youthful exuberance and to protect the children against their own folly.

*Titus,* 49 N.J. at 75, 228 A.2d at 70 (quoting *Ohman v. Board of Educ.,* 300 N.Y. 306, 314, 90 N.E.2d 474, 478 (1949), *reh'g denied,* 301 N.Y. 662, 93 N.E.2d 927 (1950)).

II. *The Hearsay Issue.*

■ The defendant claimed that Stevens intentionally struck his own head in a restroom at the school about one week after the assault. A teacher was allowed to testify, over a hearsay objection, that two students came to her, yelling "Mrs. Campbell, Mrs. Campbell, Danny Stevens is in the boys' bathroom banging his head against the wall." The plaintiff alleges it was error to admit this evidence.

■ Our review of the district court's rulings on the admissibility of evidence is for abuse of discretion. *Milks v. Iowa Oto–Head & Neck Specialists, P.C.,* 519 N.W.2d 801, 805 (Iowa 1994).

The trial court admitted the hearsay statement under the excited utterance exception to the hearsay rule. This rule, Iowa R.Evid. 803(2), excepts

[a] statement relating to a startling event or a condition made while the declarant was under the stress of excitement caused by the event or conditions.

We have said that an excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." *State v. Rawlings,* 402 N.W.2d 406, 409 (Iowa 1987); *State v. Murphy,* 462 N.W.2d 715, 717 (Iowa App.1990).

The teacher testified that the boys, at the time the statement was made, were "very excited." We believe the predicate for allowing the hearsay statement was sufficient under these circumstances, and the court was within its discretion in allowing it. We find no error in this ruling.

We reverse and remand for a new trial on all issues.

**REVERSED AND REMANDED.**