IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75033-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| VICTOR DANIEL RUSSELL, | ) | |
| | ) | |
| Appellant. | ) | FILED: June 13, 2016 |

SCHINDLER, J. — A jury convicted Victor Daniel Russell of four counts of felony violation of a domestic violence no-contact order. Russell claims the court erred by allowing two investigating officers to testify about their telephone conversations with Russell, and his attorney provided ineffective assistance of counsel by failing to move to bifurcate the trial to exclude evidence of two prior convictions for violating no-contact orders. Because the decision not to move to bifurcate was strategic and Russell cannot show prejudice, we affirm.

FACTS

Victor Daniel Russell and Laurena Redford dated on and off for three and one-half to four years and lived together for a little over a year. Redford obtained a domestic violence no-contact order on October 31, 2013 prohibiting Russell from having contact with her. The no-contact order expires on October 31, 2018.

On January 18, 2015, Redford and her roommate William Nichols went in Redford's car to Walmart and Costco in Tumwater. Redford went into Costco and Nichols drove Redford's car next door to Walmart. When Nichols returned to the car after shopping, Russell was waiting at the car with two notes. Russell asked Nichols to give the notes to Redford. Nichols drove to Costco, picked up Redford, and gave her the notes.

On January 20, 2015, Redford went to the Tumwater Police Department and reported a violation of a no-contact order. Redford gave the notes to Lieutenant Bruce Brenna.[1] Lieutenant Brenna confirmed the existence and terms of the no-contact order between Russell and Redford. Lieutenant Brenna then called a telephone number for Russell that Redford had provided. A male answered the call and identified himself as "Victor Russell."[2] Lieutenant Brenna asked the person what happened at Walmart on January 18 and the person initially denied being at Walmart on that date. Lieutenant Brenna told the person that Walmart has surveillance cameras in the parking lot and that he had violated the no-contact order by giving the notes to Nichols. The person said he wanted to contact Redford because he was "broke" and Redford owed him "a lot of money." The person said he did not see Redford, "just put the notes on the car," and said "hi" to Nichols as he walked by. Lieutenant Brenna again advised that placing the notes on Redford's car violated the no-contact order. The person responded, " 'Yeah, I know. I'm guilty. I need my money though.' " Lieutenant Brenna then ended the call.

---

[1] Redford initially contacted the Thurston County Sheriff's Office about the notes but because the matter was outside their jurisdiction, she was advised to report the incident to the Tumwater Police Department.

[2] Lieutenant Brenna did not attempt to corroborate the telephone number.

That same day, Redford gave Thurston County Sheriff's Office Deputy Randy Hovda e-mails and a letter from late 2014 and early 2015 that Russell had sent her. Russell's telephone number was in one of the e-mails. Deputy Hovda called that number in an attempt to contact Russell. A male answered the call and Deputy Hovda asked, "Victor?" The person answered "yes." The person then began to "ramble" about being on the phone with a friend, trying to make arrangements for someone to take care of his dog in case he went to jail. Deputy Hovda asked whether the person thought "he needed to go to jail" and the person said he did not know and ended the call. Deputy Hovda called the number again but no one answered. Deputy Hovda later discovered Russell's name and telephone number had already been entered into the Thurston County Sheriff's Office system.

Russell was charged with six counts of felony violation of a domestic violence no-contact order against a family or household member. Russell pleaded not guilty. The trial court dismissed one count and the jury found Russell not guilty of one count. The jury found Russell guilty of the four remaining counts of felony violation of a domestic violence no-contact order.[3]

ANALYSIS

Admission of Evidence of Telephone Calls

Russell argues the trial court erred by admitting the testimony of Lieutenant Brenna and Deputy Hovda about their telephone conversations because his alleged statements were not properly authenticated and the speakers were therefore not properly identified. We disagree.

---

[3] The jury returned a special verdict on the four guilty counts that Russell and Redford were members of the same household.

We review a trial court's admission of evidence for an abuse of discretion. State v. Bradford, 175 Wn. App. 912, 927, 308 P.3d 736 (2013). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. Bradford, 175 Wn. App. at 927.

"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." ER 901(a). This requirement is met " 'if sufficient proof is introduced to permit a reasonable trier of fact to find in favor of authentication or identification.' " Bradford, 175 Wn. App. at 928 (quoting State v. Danielson, 37 Wn. App. 469, 471, 681 P.2d 260 (1984)). In making its determination as to authentication, the trial court is not bound by the rules of evidence. State v. Williams, 136 Wn. App. 486, 500, 150 P.3d 111 (2007).

The identity of a party to a telephone call may be established by direct or circumstantial evidence. Danielson, 37 Wn. App. at 472. Alone, self-identification by the person on the other end of the line is insufficient to satisfy the requirements of ER 901. Passovoy v. Nordstrom, Inc., 52 Wn. App. 166, 171, 758 P.2d 524 (1988). "However, courts routinely find a call to be authenticated when self-identification is combined with virtually any circumstantial evidence." Passovoy, 52 Wn. App. at 171. Such circumstantial evidence may include the contents of the conversation itself. Danielson, 37 Wn. App. at 471. For example, in Passovoy, a telephone call was properly authenticated when in addition to identifying herself as a Nordstrom employee, the caller made the call in response to an earlier call and also demonstrated familiarity with the facts of the incident. Passovoy, 52 Wn. App. at 171. In State v. Deaver, 6 Wn.

App. 216, 218-19, 491 P.2d 1363 (1971), even though the recipient of a call did not recognize the caller's voice, the telephone call was authenticated based on the caller's self-identification and the content of the conversation.

By way of illustration only and not by way of limitation, ER 901 provides authentication or identification of telephone conversations conforming to the following requirements:

> [B]y evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (i) in the case of a person, circumstances, including self-identification, show the person answering to be the one called.

ER 901(b)(6)(i).

The trial court did not abuse its discretion by admitting evidence of Russell's telephone conversations with Lieutenant Brenna and Deputy Hovda. During both conversations, Russell identified himself. Additionally, the self-identification in both conversations was combined with circumstantial evidence. In the conversation with Lieutenant Brenna, the person who answered the call demonstrated familiarity with the facts of the incident at Walmart. For example, he admitted putting the notes on Redford's car and encountering Nichols. In the conversation with Deputy Hovda, the person answering the call demonstrated awareness that his prior actions could result in going to jail. The evidence also showed the telephone number Deputy Hovda called was listed as Russell's number in the e-mails from Russell to Redford. The Thurston County Sheriff's Office system also listed the telephone number as belonging to Russell.

Ineffective Assistance of Counsel

Russell argues he received ineffective assistance of counsel at trial because defense counsel stipulated to two prior convictions for violation of a no-contact order instead of moving to bifurcate the trial so the jury would not hear evidence of the prior convictions until after it decided the underlying charge. We disagree.

> To demonstrate ineffective assistance of counsel, a defendant must make two showings: (1) defense counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant, i.e., there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different.

State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). If either element of the test is not satisfied, the inquiry ends. State v. Hendrickson, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

We engage in a strong presumption that counsel's representation was effective. McFarland, 127 Wn.2d at 335. " 'When counsel's conduct can be characterized as legitimate trial strategy or tactics, performance is not deficient.' " State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting State v. Kyllo, 166 Wn.2d 856, 863, 215 P.3d 177 (2009)). We will not find ineffective assistance of counsel if the actions of counsel go to trial tactics. Grier, 171 Wn.2d at 33. Counsel does not render ineffective assistance by refraining from strategies that reasonably appear unlikely to succeed. McFarland, 127 Wn.2d at 334 n.2.

The fact that a defendant has at least two prior convictions for violating a no-contact order is an element of the crime of felony violation of a no-contact order—the offense Russell was charged with. See RCW 26.50.110(5). "[W]hen a prior conviction

is an element of the crime charged, it is not error to allow the jury to hear evidence on that issue." State v. Roswell, 165 Wn.2d 186, 197, 196 P.3d 705 (2008). Further, bifurcated trials are not favored. State v. Monschke, 133 Wn. App. 313, 335, 135 P.3d 966 (2006). Because, it is unlikely a motion to bifurcate would have been successful, defense counsel's decision not to move to bifurcate did not fall below an objective standard of reasonableness.

Moreover, Russell was not prejudiced by his counsel's decision not to move to bifurcate. When introducing evidence of a prior conviction, the trial court can reduce any unnecessary prejudice where practical, such as by allowing a defendant to stipulate to the prior conviction and instructing the jury as to the limited purpose for which it may consider the prior conviction. Roswell, 165 Wn.2d at 198 n.6.

Here, the trial court read the parties' stipulation to the jury and gave an appropriate limiting instruction.

> The parties have agreed that certain facts are true. You must accept as true that the person before the Court who has been identified in the charging document as defendant, Victor Daniel Russell, was convicted on October 31st, 2013 of violation of no-contact, protection, or restraining order, domestic violence, in the State of Washington vs. Victor Russell in Thurston County Superior Court Cause Number 13-1-00529-1.
> You must also accept as true that the person before the Court who has been identified in the charging document as defendant Victor Daniel Russell was convicted on January 12th, 2011 of violation of post-conviction no-contact order, domestic violence, in State of Washington vs. Victor Daniel Russell in Thurston County Superior Court Cause Number 10-1-01556-0.
> This evidence has been admitted in this case for only a limited purpose. This evidence consists of the defendant's two prior convictions for violating a court order. This evidence may be considered by you only for the purpose of deciding whether the defendant has two prior convictions for violating a court order. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.

We presume the jury follows the court's instructions. <u>State v. Perez-Valdez</u>, 172 Wn.2d 808, 818-19, 265 P.3d 853 (2011). Russell cannot show prejudice by defense counsel's decision not to move to bifurcate the trial.

Affirmed.

WE CONCUR: