# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47291-1-II |
| Respondent, | |
| v. | |
| NICHOLAS ANDREW OXFORD, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Nicholas Andrew Oxford appeals his nine convictions for domestic violence no-contact order violations, arguing that his defense counsel was ineffective for failing to object to the admission of recorded phone calls at trial. We affirm.

## FACTS

On August 5, 2013, the trial court imposed a three year domestic violence no contact order restraining Oxford from contacting his girlfriend, Dawn Bushek. On February 19, 2014, two additional domestic violence no contact orders issued, restraining Oxford from contacting Bushek, one for two years and one for five years. On November 14, while on a routine home visit, Officer Nicole Young, Oxford's community corrections officer, observed a woman, later identified as Bushek, in Oxford's hotel room. Five days later, Oxford was arrested for violation of a no contact order.

Between November 19 and December 23, 10 telephone calls were made from the Clark County Jail, where Oxford was incarcerated, to Bushek's phone number. Two of the phone calls were made from Oxford's assigned inmate PIN number. The remaining eight calls were made from two other inmates' accounts. Each call contained a conversation between a male and a female. Every call was recorded. Oxford was charged with nine counts of violating a no contact order with Bushek, eight of which involved calls from the jail.

Without objection, segments of the recorded phone conversations were admitted at trial and played for the jury. The jury found Oxford guilty on all 9 counts. He appealed.

ANALYSIS

Oxford argues that his attorney was deficient when he failed to object to the admission of the phone call recordings. He maintains that his lawyer should have objected because the calls lacked authentication, constituted hearsay, and violated his confrontation right.

A claim of ineffective assistance of counsel presents a mixed question of law and fact that we review de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficiency was prejudicial. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987).

Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Prejudice exists if there is a reasonable probability that the result of the proceeding would have differed had the deficient performance not occurred. *Thomas*, 109 Wn.2d at 226. When an ineffective assistance of counsel claim rests on defense counsel's failure to object, a defendant must show that an objection likely would have been sustained. *State v. Fortun-Cebada*, 158 Wn. App. 158, 172, 241 P.3d 800 (2010). We strongly presume that counsel was effective. *McFarland*, 127 Wn.2d at 335.

First, Oxford has not shown that an objection based on improper authentication would have been sustained. ER 901(a) provides, "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The proponent of the evidence meets this requirement "if sufficient proof is introduced to permit a reasonable trier of fact to find in favor of authentication or identification." *State v. Danielson,* 37 Wn. App. 469, 471, 681 P.2d 260 (1984). Identity of a party making a call may be established by direct or circumstantial evidence. *Danielson*, 37 Wn. App. at 471-72. "A sound recording, in particular, need not be authenticated by a witness with personal knowledge of the events recorded. Rather, the trial court may consider any information sufficient to support the prima facie showing that the evidence is authentic." *State v. Williams*, 136 Wn. App. 486, 500, 150 P.3d 111 (2007).

Here, the State presented evidence that at least two of the telephone calls were made using Oxford's assigned inmate PIN number. In one of the calls, Bushek asks Oxford if he likes her "black hair" and then refers to him as, "Nick." 3 Report of Proceedings (RP) at 331-32. Significantly, one of the detectives originally reported the Bushek had blonde hair, but appeared to have dyed it. The two also made several references to Oxford's arrest and the no contact orders, as well as Bushek's desire and attempt to rescind the no contact orders. The State then offered a motion to rescind filed by Bushek. Additionally, the phone number dialed on all ten occasions belonged to Bushek. Taken together, all of this evidence is clearly sufficient to permit the trial court to admit the recordings. Oxford has not shown than an objection on this ground would have been sustained.

Second, Oxford has not shown that an objection based on hearsay would have been sustained. Hearsay is "a statement, other than one made by the defendant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). The recordings were admitted to show that the voices on the recordings belonged to Oxford and Bushek, and that they had contact. The recordings were not admitted to prove their substantive matter. Thus, Oxford has not shown that an objection on these grounds would have been sustained.

Finally, Oxford has not shown that counsel was ineffective for failing to object to the admission of the phone calls on the ground that they violated his right to confront witnesses against him.[1] When out-of-court statements are not introduced to prove the truth of the matter asserted, no confrontation clause concerns arise. *In re Pers. Restraint of Theders*, 130 Wn. App. 422, 433, 123 P.3d 489 (2005). We have already determined that the recordings were not admitted for the purpose of proving the truth of the matters asserted. Therefore, no confrontation clause issues arise regarding the admission of the recordings. Oxford has not shown that an objection on these grounds would have been sustained.

Because Oxford has failed to show that objections by his lawyer to the admissibility of the recorded conversations would have been sustained, Oxford's ineffective assistance of counsel claim fails.

---

[1] We note that, in general, confrontation issues may not be raised for the first time on appeal. *State v. O'Cain*, 169 Wn. App. 228, 240, 279 P.3d 926 (2012) (citing *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009)). But, since Oxford raises this issue under the umbrella of an ineffective assistance of counsel claim, we reach it. *McFarland*, 127 Wn.2d at 332-33.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Lee, P.J.

Sutton, J.