# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | No. 76032-7-I |
| v. | ) | UNPUBLISHED OPINION |
| JOSE AUSTINE VILLAREAL, JR., | ) | |
| Appellant. | ) | FILED: January 17, 2017 |

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED
2017 JAN 17 AM 9: 14

DWYER, J. — Jose Villareal, Jr. appeals from the judgment entered on a jury's verdict finding him guilty of five counts of felony violation of a postconviction no-contact order. He contends that the trial court erred by admitting five redacted jail telephone recordings. The State alleged that the recordings were of conversations between Villareal and the protected party, Kristin Carter. Villareal asserts that the recordings were not properly authenticated. We conclude to the contrary.

Villareal also contends, and the State concedes, that his conviction for one count of felony violation of a postconviction no-contact order was not supported by sufficient evidence. We accept this concession and remand for vacation of count six, and resentencing, within the trial court's discretion, on the remaining convictions. The judgment of guilt on the other four counts stands.

I

Villareal was charged with seven counts of felony violation of a postconviction no-contact order, pursuant to RCW 26.50.110(5), which makes violation of a no-contact order a class C felony if the offender has at least two previous convictions for violating an order issued under that chapter. At the time, Villareal had two prior convictions for such violations.

At trial, over Villareal's objection, the trial court admitted into evidence five recorded telephone conversations that the State alleged were between Villareal and Carter. Community Corrections Officer Maria Cumero—who had previously met Villareal and had spoken to Carter on the telephone on several occasions—testified that the individuals on the recordings sounded like Villareal and Carter. Although Cumero had initially identified Carter's voice on an additional recorded conversation—designated the fourth recording and count six—she testified at trial that she had been mistaken and could not identify the female voice on the fourth recording. The State did not seek to admit the fourth recording and did not present any other evidence on count six. Counsel for Villareal elected to play the fourth recording for the jury.

The jury returned a verdict of not guilty on counts one and two, but guilty on counts three through seven. Prior to sentencing—and represented by new counsel—Villareal moved to arrest judgment on count six pursuant to CrR 7.4(a)(3), which allows for an arrest of judgment based upon insufficiency of the evidence on a material element of the charged crime. The motion was denied.

Villareal was sentenced to a standard range sentence of 60 months incarceration on each count, to be served concurrently.

II

Villareal first contends that the trial court erred by admitting the recorded telephone conversations into evidence. This is so, he asserts, because the State did not present sufficient evidence to authenticate the recordings as being of conversations between Carter and Villareal. We disagree.

We review a trial court's ruling on the admissibility of evidence for abuse of discretion. State v. Rodriquez, 187 Wn. App. 922, 939, 352 P.3d 200, review denied, 184 Wn.2d 1011 (2015). Abuse of discretion occurs when a trial court's decision is manifestly unreasonable or based on untenable grounds. State v. Bradford, 175 Wn. App. 912, 927, 308 P.3d 736 (2013).

Pursuant to ER 901(a), "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Authentication is a threshold question of admissibility and the requirement is met "if sufficient proof is introduced to permit a reasonable trier of fact to find in favor of authentication or identification." State v. Danielson, 37 Wn. App. 469, 471, 681 P.2d 260 (1984). In making such a preliminary determination, the trial court is not bound by the rules of evidence. State v. Williams, 136 Wn. App. 486, 500, 150 P.3d 111 (2007) (citing ER 104(a); ER 1101(c)(1); Danielson, 37 Wn. App. at 471)).

The identity of a party to a telephone call may be established by direct or circumstantial evidence. Danielson, 37 Wn. App. at 472. ER 901 provides a non-exhaustive list of examples of information that the trial court may consider when determining whether a prima facie showing of authenticity is made, including testimony by a witness with knowledge, distinctive characteristics taken in conjunction with circumstances, and voice identification by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker. ER 901(1), (4), (5).

Here, the trial court heard testimony from Cumero regarding the telephone system that Villareal had access to while incarcerated in the Nisqually Public Safety Complex. Cumero testified that each inmate is assigned a personal identification number (PIN) that the inmate uses to place a telephone call. When placing a telephone call using their PIN, the inmate is required to speak their first and last name into the telephone and the telephone system will then verify that the name matches the assigned PIN. These telephone conversations are recorded and can be accessed by authorized personnel.

Cumero testified that she had spoken with Villareal in person during a meeting in her office on June 25, 2015, and had spoken to Villareal over the telephone on other occasions. Cumero also testified that she had spoken to Carter over the telephone on multiple occasions and could recognize Carter's telephone number. The telephone number that Villareal dialed on multiple occasions while he was incarcerated was identified by Cumero as being Carter's number. Cumero then testified that, after listening to the recordings of the calls

made to Carter's telephone number, she recognized the voices and identified the speakers as Villareal and Carter. This testimony served as proper authentication of the recordings.

In addition to the identification of Villareal and Carter by a witness with knowledge of their voices, the content of the telephone conversations also supports the trial court's decision to admit the recordings into evidence. For instance, during multiple calls the speakers discussed their daughter, identified as Farrah in one call. Villareal and Carter have a daughter together named Farrah. During another call the male speaker calls the female speaker "Kristin"—Carter's first name—and the female speaker refers to the male speaker as "Mexi"—Carter's nickname for Villareal.

Cumero's personal knowledge of the parties' voices, along with the circumstances surrounding the telephone calls, provided her with a reasonable basis to testify that the participants on the call were Villareal and Carter. Thus, the telephone call recordings were properly authenticated. Accordingly, the trial court did not err by admitting the recordings.

III

Villareal next contends, and the State concedes, that the State failed to present sufficient evidence to support his conviction for count six of a violation of a postconviction no-contact order. We agree.

Evidence is sufficient to support a conviction if, when viewed in the light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime proved beyond a reasonable doubt.

State v. Garbaccio, 151 Wn. App. 716, 742, 214 P.3d 168 (2009) (citing State v. Hosier, 157 Wn.2d 1, 8, 133 P.3d 936 (2006)). Accordingly, we will reverse a conviction for insufficient evidence only when no rational trier of fact could have found that the State proved all of the elements of the crime beyond a reasonable doubt. State v. Smith, 155 Wn.2d 496, 501, 120 P.3d 559 (2005).

Here, count six consisted entirely of one purported telephone call between Villareal and Carter, which was designated call four. Although Cumero initially identified Carter as the female speaker on call four, she testified at trial that she was mistaken and that the voice did not belong to Carter. The State did not seek to admit call four into evidence and did not present any other evidence on count six. Nevertheless, the jury returned a verdict of guilty on count six. The State concedes error.

We remand for vacation of the conviction for count six (violation of a postconviction no-contact order). The trial court may exercise its discretion in determining whether resentencing on the other convictions is called for. The judgment of guilt as to the other counts stands. We affirm in all other respects.

Affirmed in part, and reversed in part.

We concur: