# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                                     )      No. 70341-2-I

Respondent, )

)      DIVISION ONE

v. )

)      UNPUBLISHED OPINION

ROBERT JESSE HILL, )

)

Appellant. )      FILED: July 29, 2013

GROSSE, J. — To be admitted into evidence, a telephone recording need not be identified by the recipient of the message, but may be authenticated and identified by someone familiar with the caller's voice. Here, the police officer identified the recorded messages as those obtained from the recipient and testified that he recognized the defendant's voice as he was familiar with it from past conversations with the defendant. Further, the defendant identified himself in one of the two messages he left. Under these circumstances, the trial court did not abuse its discretion in admitting the recorded telephone messages.

Defendant Robert Hill also filed a statement of additional grounds for review asserting ineffective assistance of counsel. We find no merit in these assertions and accordingly affirm the judgment and conviction for one count of intimidating a judge.

Erik Furer, assistant city prosecuting attorney for Tacoma, requested an increase in the bail for Hill, who had already posted a booking bail on earlier charges. The court commissioner increased the bail to $5,000 for each of the three counts, setting bail at $15,000. Hill was taken into custody that day, September 8, 2011. Hill posted bail and the next day appeared in the commissioner's courtroom during the calendar. At the end

of the calendar, when the commissioner had left the bench, an agitated Hill approached Furer claiming that his bail was only increased because Hill knew about the commissioner's incestuous relationship with his daughter. Hill demanded that Furer and he both confront the commissioner to get the bail reduced. Furer told Hill that he was not on the calendar and that no motion or reconsideration could be heard. Hill eventually left the courtroom and court personnel locked the door. Furer informed the commissioner about Hill and his remarks and suggested that he be cautious and inform the other commissioner and judges.

On September 12, 2011, Furer retrieved a message that Hill left on his work telephone answering machine. In that message, Hill identified himself and then alluded to the comments he had made in the courtroom. Hill left his telephone number for a return call to get the commissioner to change the bail. Furer testified that he was familiar with Hill and he recognized his voice. Furer gave a recording of the message to Jesus Villahermosa, a sergeant with the Pierce County Sheriff's Department assigned to court security.

Hill also left two telephone messages for Derek Young, the author of a Tacoma news blog entitled Exit 133. On September 12, 2011, Young notified the police of two messages he had received from an individual who had identified himself as "Mr. Hill" in one of the messages. That same day, Sergeant Villahermosa retrieved a compact disc recording of the two telephone messages Young had received. Villahermosa listened to both recordings and recognized Hill's voice based on his prior contact with him and the statements made in the recordings themselves. Villahermosa testified that he had had multiple conversations with Hill both personally and by telephone. Villahermosa

identified the transcripts from the two recordings as having been taken from the recordings he retrieved from Young's office. Villahermosa also listened to the recorded message left for Erik Furer. He recognized Hill's voice and noted that the telephone number left on Furer's message was the same as the telephone number left on one of Young's messages.

Hill objected to the admission of all three messages. Finding sufficient foundation and authentication, the trial court admitted the recorded messages. At a bench trial, the court found Hill guilty of one count of intimidating a judge. In reaching its decision, the court relied on the threats that were contained in the three messages. Hill appeals, contending that the trial court erred in admitting the recordings of the messages.

Hill's principal contention is that the trial court erred in admitting the recording of the telephone calls made to Young because Young did not testify and therefore there was no foundation or authentication for those calls. A trial court's decision regarding the admissibility of evidence is reviewed for an abuse of discretion.[1] "A trial court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons."[2] Evidence Rule (ER) 901 provides that evidence is authenticated when there is sufficient evidence to support that the recording is what it is claimed to be.[3] ER 901 provides a non-exclusive list of illustrations that conform to this rule.[4] "A sound recording, in particular, need not be authenticated by a witness with

---

[1] State v. Payne, 117 Wn. App. 99, 110, 69 P.3d 889 (2003).
[2] State v Williams, 136 Wn. App. 486, 499, 150 P.3d 111 (2007).
[3] ER 901(a).
[4] ER 901 provides illustrations of authentication or identification methods in determining prima facie the authenticity of proffered evidence. This includes, but is not limited to

personal knowledge of the events recorded. Rather, the trial court may consider any information sufficient to support the prima facie showing that the evidence is authentic."[5] When determining the authenticity of evidence a trial court may rely upon lay opinions, hearsay, or the proffered evidence itself; the information supporting the determination need not be admissible but must be reliable.[6] Here, the police officer testified that the recording he retrieved from Young was the recording that Young had given him. Sergeant Villahermosa also stated that he was intimately familiar with Hill's voice from both face-to-face conversations and telephone conversations, and based on that knowledge, identified the caller as Hill. These factors formed a reasonable basis from which to testify to the identification of the speaker on the recordings. Thus, the trial court did not err in admitting those recordings.

Although Hill's appeal does not directly address the recorded message left for Furer, its admission was likewise proper for the same reasons set forth above.

Statement of Additional Grounds

In a statement of additional grounds, Hill argues ineffective assistance by trial counsel. Hill argues that counsel failed to adequately cross-examine the court commissioner and introduce defense witnesses. To establish ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice.[7] Decisions to call witnesses or ask certain questions are generally tactical or concern

---

voice identification: "Identification of a voice, whether heard firsthand or thorugh mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." ER 901(b)(5).

[5] Williams, 136 Wn. App. at 500.

[6] Williams, 136 Wn. App. at 500-01.

[7] State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

matters outside the record and will not support an ineffective assistance claim.[8] Additionally, because much of the evidence that Hill relies on to support his ineffective assistance of counsel claims is outside of the record and thus cannot be considered on a direct appeal, there is no error.[9]

Affirmed.

WE CONCUR:

---

[8] State v. Jones, 33 Wn. App. 865, 872, 658 P.2d 1252 (1983); State v. Statler, 160 Wn. App. 622, 641, 248 P.3d 165 (2011).
[9] McFarland, 127 Wn.2d at 335 (the court will not review matters outside of the trial record on direct appeal).