# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re Marriage of: | No. 47492-1-II |
| REBECCA A. BAMBERG (f/n/a LARSEN), | |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| JEREMIAH LARSEN, | |
| Appellant. | |

BJORGEN, C.J. — Jeremiah Larsen appeals a judgment directing him to pay Rebecca Bamberg $3,302.46 in day care expenses. He argues that the May 9, 2014 trial court erred by (1) marking exhibits 1 through 13 off the record, (2) admitting various exhibits, and (3) imputing Bamberg's wages below the amount stipulated in the child support schedule. He also asserts that the February 2, 2015 trial court erred by (4) determining that it had jurisdiction to consider the motion for judgment, (5) determining that Bamberg's day care receipts and work schedules were authentic, (6) finding that Bamberg's day care receipts and work schedules were not inadmissible hearsay, and (7) ordering a $3,302.46 judgment against him for day care expenses.

We hold that Larsen has waived his arguments regarding the marking of exhibits off the record, the admission of exhibits at the May 9, 2014 trial, and the trial court's imputation of Bamberg's wages. We decide also that the trial court had jurisdiction to hold the February 2,

2015 motion hearing; the trial court did not abuse its discretion in finding Bamberg's day care receipts and work schedules authentic; even if Bamberg's day care receipts and work schedules were hearsay, their admission did not cause prejudice; and the trial court did not abuse its discretion by ordering a $3,302.46 judgment against Larsen. Accordingly, we affirm the trial court.

FACTS

Jeremiah Larsen and Rebecca Bamberg (formerly known as Rebecca Larsen) married in September 2002 and divorced in December 2011. Both parties proceeded pro se at the dissolution trial, and Larsen appealed the trial court's parenting plan to our court. In 2013, we issued an unpublished opinion, *Larsen v. Larsen*, noted at 177 Wn. App. 1007 (2013), vacating the parenting plan's dispute resolution provision and child support award and remanding the case to the trial court for further findings and determinations.

The parties proceeded to trial on May 9, 2014 before Judge Marilyn Hann, with Larsen represented by counsel and Bamberg appearing pro se. At the trial, Bamberg argued that because our court had vacated the child support award, we had also vacated the provision that required Larsen to pay a proportional amount of day care expenses incurred by Bamberg during the times that she was working. The trial court acknowledged this problem and included a provision in the amended final order of child support that stated:

> Work related day care expenses . . . are reserved. [Bamberg] shall provide proof
> to [Larsen] of work hours, days within 2 weeks of 5/23/14. Either party may note
> on motion calendar for determination if not settled between the parties.

Clerk's Papers (CP) at 148. All parties agreed to and signed the amended child support order.

Subsequently, the parties were unable to agree on a reasonable amount of day care expenses owed. In January 2015, Bamberg filed a motion for judgment on day care expenses

owed by Larsen. As part of her motion, Bamberg submitted a declaration in support of day care expenses, along with receipts and work schedules. The receipts consisted of individual handwritten receipt stubs noting the costs of the massage service performed by Bamberg in exchange for day care on particular days.

A motion hearing was held on February 2, 2015 before Judge Stephen Warning, with Bamberg represented by counsel and Larsen proceeding pro se. Bamberg did not personally appear at the hearing. After hearing argument, the trial court adopted Bamberg's proposed amount for the day care expenses and issued a judgment against Larsen for $3,302.46. Larsen appeals.

## ANALYSIS

### I. MAY 9, 2014 TRIAL

A.    <u>Marking and Admission of Exhibits 1 through 13</u>

Larsen contends that the trial court erred by marking and discussing exhibits 1 through 13 off the record and that their admission was therefore erroneous. We disagree.

We will not alter a trial court's decision to admit or exclude evidence unless a substantial right of the party is affected and the opposing party either objected or made an offer of proof at trial. ER 103. Although the exhibits were not formally marked on the record, the report of proceedings indicates that exhibits 1 through 13 had been marked off the record. Larsen did not object at trial to the exhibits being marked off the record or admitted and he has not identified any substantial right that was affected by the trial court's decision to mark exhibits off the record or to admit them. ER 103. Therefore, Larsen has waived this argument.

B.      Imputation of Bamberg's Income

Larsen contends that the trial court erred when it imputed Bamberg's wages below the amount stipulated in the child support schedule for the purpose of the 2014 amended child support order. RAP 2.5(a) permits us to refuse to consider issues that were not raised in the trial court, subject to exceptions that are not applicable in this case. Because Larsen did not object at the 2014 trial when the judge imputed Bamberg's wages, he has failed to preserve this issue for appeal. As such, we decline to address this issue.

## II. FEBRUARY 2, 2015 MOTION HEARING

A.      Jurisdiction of the Trial Court to Hear the Motion

Larsen claims that the trial court lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), chapter 26.27 RCW, to modify the parenting plan. He asserts that because all of the parties and children subject to the parenting plan moved to Oregon more than one and a half years earlier, the trial court lacked subject matter jurisdiction to modify the child support order and should have transferred the case to Oregon. We disagree.

The UCCJEA governs the jurisdiction of the courts of this state to make child custody determinations. RCW 26.27.201, .211. A "child custody determination" is defined by the UCCJEA as:

> [A] judgment, decree, parenting plan, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. The term includes a permanent, temporary, initial, and modification order. The term does not include an order relating to child support or other monetary obligation of an individual.

RCW 26.27.021.

Larsen appeals the trial court's February 2, 2015 judgment that he must pay Bamberg $3,302.46 for day care expenses. That judgment did not provide for legal custody, physical

custody, or visitation. It only determined the amount of day care expenses Larsen owed

Bamberg. Therefore, the 2015 judgment is not a child custody determination under the UCCJEA

and that act does not affect the trial court's jurisdiction to enter that judgment.

B.      Authentication of Evidence

Larsen argues that the trial court erred by admitting Bamberg's day care receipts and

work schedules because those documents were not authentic.

ER 901(a) requires "authentication or identification as a condition precedent to

admissibility." The proponent of a piece of evidence must "introduce[] sufficient proof to permit

a reasonable juror to find in favor of authenticity or identification." *State v. Payne*, 117 Wn.

App. 99, 106, 69 P.3d 889 (2003). A proponent may establish authenticity "based on the

testimony of witnesses with knowledge or based on distinctive characteristics surrounding the

document guaranteeing authenticity." *Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co.*, 122

Wn. App. 736, 746-47, 87 P.3d 774 (2004). We review a trial court's determination of

authenticity for an abuse of discretion. *Payne*, 117 Wn. App. at 110. A court abuses its

discretion when its decision is manifestly unreasonable, exercised on untenable grounds, or

exercised for untenable reasons. *Id*.

In this case, Bamberg's work schedules contain a "Massage Envy" logo, and income

from Massage Envy is included in Bamberg's 2012 tax return. In determining authenticity, a

court may properly consider the distinctive characteristics of a challenged exhibit in conjunction

with the circumstances. ER 901(b)(4). Furthermore, Bamberg attested to the accuracy of her

day care receipts under penalty of perjury in her declaration in support of the motion for

judgment on day care costs. A witness with personal knowledge of a piece of evidence may

authenticate it by stating that the evidence is what it is claimed to be. ER 901(b)(1). For these

reasons, the trial court judge did not abuse his discretion in finding the day care receipts and work schedules authentic.

C.    Hearsay

Larsen argues that the trial court erred by admitting Bamberg's day care receipts and work schedules because those documents were inadmissible hearsay. However, even if Bamberg's work schedules and receipts were hearsay, Larsen has not demonstrated that he was prejudiced by their admission.

We will not reverse a trial court decision for an erroneous evidentiary ruling unless the error resulted in prejudice. *State v. Neal*, 144 Wn.2d 600, 611, 30 P.3d 1255 (2001). An error is prejudicial if there is a reasonable probability that the outcome would have been different had the error not occurred. *Id*. We presume that the trial court judge knows the rules of evidence and properly applies them. *In re Harbert*, 85 Wn.2d 719, 729, 538 P.2d 1212 (1975).

Larsen argues that he was prejudiced because under *In re Marriage of Fairchild*, the trial court could not rely solely on Bamberg's declaration to determine reasonable day care expenses. 148 Wn. App. 828, 207 P.3d 449 (2009). In *Fairchild*, the ex-husband made a "motion to offset or refund" day care expenses under RCW 26.19.080(3) after the court ordered him to pay monthly support as part of his marriage dissolution. *Id*. at 830. Division Three of this court held that the declaration of Fairchild's ex-wife was insufficient to establish actually incurred day care expenses and suggested that "[c]ancelled checks, prior tax returns, or declarations from child-care providers would have been more helpful." *Id*. at 833.

This case is distinguishable from *Fairchild*. Unlike that of the ex-wife in *Fairchild*, Bamberg's declaration attested to the accuracy of the day care receipts that she produced. Thus, the reasoning in *Fairchild* does not lead to the exclusion of Bamberg's declaration. Because

6

Bamberg's declaration incorporated the same information contained in her day care receipts and work schedules, Larsen cannot demonstrate prejudice from admission of the receipts and schedules, even assuming they are hearsay. Therefore, we decline to reverse the trial court on this issue.

D.      Judgment for Day Care Expenses

Larsen argues that the trial court erred by ordering the $3,302.46 judgment against him for unpaid day care expenses. We disagree.

We review a trial court's decision setting child support for abuse of discretion. *In re Marriage of Fiorito*, 112 Wn. App. 657, 663, 50 P.3d 298 (2002). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Id*. at 663-64. A trial court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard. *Id*. A trial court's decision is based on untenable grounds if the factual findings are unsupported by the record. *Id*.

As noted, Larsen argues that under *Fairchild*, the trial court abused its discretion by basing reasonable day care expenses on the amount requested in Bamberg's declaration. For the reasons stated above, *Fairchild* does not control the analysis in this case, and the trial court could properly consider Bamberg's declaration in determining reasonable day care expenses. In her declaration, Bamberg requested $3,302.46 to cover day care expenses between 2012 and 2014, using the various proportional support formulas contained in the amended parenting plan. The trial court "examined [Bamberg's] [m]otion and declaration in support thereof and [Larsen's] reply declaration," and awarded Bamberg $3,302.46 for day care expenses. CP at 346-47. The trial court did not abuse its discretion, because it had a reasonable and tenable basis to award $3,302.46 in day care expenses.

No. 47492-1-II

CONCLUSION

We affirm the judgment of the trial court.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

BJORGEN, C.J.

We concur:

MAXA, J.

LEE, J.

8