Dennis K. ROBERTS and Karen K.
Roberts, Plaintiffs–Appellees,

v.

Gary Robert NEWVILLE and
Ray Mount, Appellants.

No. 95–368.

Court of Appeals of Iowa.

Aug. 30, 1996.

Stephen J. Powell and Jim D. DeKoster of Swisher & Cohrt, Waterloo, for appellants.

Robert J. Dieter and Mark W. Fransdal of Redfern, Mason, Dieter, Larsen & Moore, Cedar Falls, for appellees.

Considered by CADY, P.J., and STREIT and VOGEL, JJ.

CADY, Presiding Judge.

Defendants appeal from a judgment entered against them in a lawsuit for damages

suffered in a motor vehicle accident. They claim prejudice occurred at trial when hearsay was admitted into evidence. We affirm the district court on our review.

Dennis Roberts was involved in a motor vehicle accident in 1991. The automobile he was operating was struck from the rear by a tow truck. The tow truck was driven by Gary Newville and owned by Ray Mount. Roberts was employed as a salesman and was in the process of making sales calls on customers at the time of the accident.

Roberts brought an action against Newville and Mount.[1] He alleged injuries, caused by the accident, to his lower back and neck. His claim for damages also included loss of earnings and loss of earning capacity. A jury trial in January 1995 resulted in a verdict for Roberts totaling $143,307.80.

Roberts claimed at trial his injuries made him less productive in his employment. He produced evidence of a decrease in his sales since the accident. Roberts further claimed his inability to fully function in his work caused stress and other problems, including depression. Newville responded with evidence that Robert's earnings, averaged over three years, were the same before and after the accident. He also introduced evidence Roberts experienced anxiety and other related problems prior to the accident, and lived in fear of having a heart attack. Roberts had suffered a heart attack in 1989. Newville also asserted Roberts' sales were actually increasing during the months just prior to the trial.

The facts which give rise to the claims on appeal occurred at trial during the direct examination of two witnesses. The first witness was Roberts. He testified on direct examination his sales decreased in 1994 due to the depression he experienced. He testified his boss expected him to do more than he was capable of doing under the circumstances. Roberts was then permitted to testify, over a hearsay objection, he believed his job was in jeopardy based on warnings given to him by his boss. Roberts also testified, over a hearsay objection, his boss had asked him to resign.

The second witness was Kent Jayne, a vocational economist. He testified in support of Roberts' claim for loss of earning capacity. He was asked on direct examination if Roberts' employer had provided information to him that would change his opinions about Roberts' loss of earning capacity. Counsel for Newville interposed a hearsay objection to the question, which the trial court overruled. The court reporter then repeated the question and the following exchange took place:

> Defense counsel: Excuse me, your honor, does that require a yes or no answer?
>
> The Court: Sounds like it.
>
> Answer: Yes.
>
> Plaintiff counsel: Pardon me? You would change your report?
>
> Answer: ... Based on my conversation with the employer, I believe that my opinion would be closer to that 80 percent and maybe even a little higher than that.
>
> Plaintiff counsel: Okay, that's all the questions I have, thank you.

Newville claims the testimony by Roberts and Jayne was inadmissible hearsay, and resulted in prejudicial error. Roberts responds his testimony was not hearsay because any statements by his employer were offered for a nonhearsay purpose. Roberts further claims the objectionable question to Jayne did not request a hearsay statement, and error was not properly preserved for review.

## I. Scope of Review

Appellate review of rulings by the trial court on the admissibility of evidence is for an abuse of discretion. *Stevens v. Des Moines Independent Community School Dist.*, 528 N.W.2d 117, 121 (Iowa 1995). A ruling on the admission of evidence by the trial court will not be disturbed on appeal unless the discretion has been abused and a substantial right of a party has been affected. *Vaughan v. Must, Inc.*, 542 N.W.2d 533, 542 (Iowa 1996). *See* Iowa R. Evid. 103(a).

---

1. Defendants Newville and Mount will hereinafter be collectively referred to as "Newville."

## II. Testimony of Roberts

Hearsay is a statement, other than one made by the declarant while testifying at trial or a hearing, offered to prove the truth of the matter asserted. Iowa R. Evid. 801(c). Evidence which falls within the definition of hearsay is not admissible except as permitted by constitution, statute or rule. Iowa R. Evid. 802. Conversely, evidence which falls outside the definition of hearsay is admissible if relevant to the issues in the case and it does not violate some other rule of evidence. *See State v. Deases,* 518 N.W.2d 784, 792 (Iowa 1994).

■ An out-of-court statement is not hearsay by definition if it is not an assertion or is not offered to prove the facts asserted. John W. Strong, *McCormick on Evidence* § 249 at 101 (4th ed.1992). A common type of statement which falls outside the hearsay definition because it is not offered for its truth is one offered to show effect on the recipient of the statement. *Id.* at 103–04. Thus, when the probable state of mind of the recipient is relevant in a case, an out-of-court statement which helps reveal that state of mind is not subject to the rule against hearsay. *See Fratzke v. Meyer,* 398 N.W.2d 200, 204 (Iowa App.1986) (statement "don't go" not offered to show truth of assertion, but to show recipient had been warned not to cross road).

■ The state of mind often impacted by out-of-court statements involves such matters as knowledge or notice, motive, reasonableness of behavior, good faith, or anxiety. *McCormick* § 249 at 103–04. *See Callon Petroleum Co. v. Big Chief Drilling Co.,* 548 F.2d 1174, 1177 (5th Cir.1977) (out-of-court statements of contractor admissible to explain course of conduct of driller because oil company claimed driller sought to move drilling site location for its own advantages); *Emich Motors Corp. v. General Motors Corp.,* 181 F.2d 70 (7th Cir.1950), rev'd on other grounds, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951) (complaints from customers offered to show cancellation of dealer's franchise not motivated by dealer's retaliation argument).

■ In this case, the importance of the statements made to Roberts by his employer did not turn on their truth, but on their probable effect on Roberts state of mind. This is supported by two reasons. First, Newville asserted the anxiety and stress experienced by Roberts predated the accident and were the result of his fear of suffering another heart attack. The employer's statements help relate the stress and depression to Roberts' failure to perform his job. Second, the statements help explain Roberts' increased productivity in the months proceeding trial. We conclude the trial court correctly overruled the objections.

## III. Testimony of Jayne

■ Error may not be predicated upon a ruling admitting evidence unless a timely and specific objection is made at trial. Iowa R. Evid. 103(a)(1). An objection to the admission of evidence must be made as soon as the grounds for the objection become apparent. *Milks v. Iowa Oto–Head & Neck Specialists, P.C.,* 519 N.W.2d 801, 805 (Iowa 1994). A timely and specific objection is required to alert the judge to the issue raised and enable opposing counsel to take corrective action to remedy the defect if possible. *Carter v. Wiese Corp.,* 360 N.W.2d 122, 132 (Iowa App.1984). Generally, the proper timing of an objection follows the question propounded, since the question generally reveals whether inadmissible evidence is requested. However, if a question does not indicate inadmissible evidence is requested, but produces an unresponsive answer which is objectionable, the objection must be made following the answer in the form of a motion to strike. *Dice v. Johnson,* 198 Iowa 1093, 1097, 199 N.W. 346, 348 (1924). *See McCormick* § 52 at 200–01.

■ In this case, the objection asserted by Newville was in response to a question calling only for an affirmative or negative response. The question did not request the witness to testify to an out-of-court statement, nor did it imply the contents of an out-of-court statement. Thus, the question was not objectionable on hearsay grounds. Moreover, no later objection or motion to strike was made to the answer given by

Jayne. Accordingly, Newville failed to preserve error for our review.

**AFFIRMED.**