# IN THE COURT OF APPEALS OF IOWA

No. 20-0179
Filed February 17, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES EARL SPATES JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer,

Judge.

James Spates appeals his convictions following jury trial. **AFFIRMED.**

Jeffrey M. Perkins of Perkins Law Office, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MULLINS, Presiding Judge.**

James Spates Jr. appeals his convictions following jury trial. He argues the district court erred in admitting exhibit B and expert testimony provided by an alleged lay witness and the convictions are reversible on plain error.

## I.     Background Facts and Proceedings

Spates first met his wife, M.S., in 2004. At that time, she had two children from a prior relationship, a son and a daughter. Over the years, the couple had two more children together and ultimately married in 2012. M.S.'s oldest daughter called Spates "dad" even though she knew her biological father and had limited contact with him. The oldest two children of M.S. resided primarily with the family prior to law enforcement intervention.

In February 2017, M.S.'s oldest daughter fought with Spates. The child went to her bedroom and began to throw clothing and other items. When Spates entered the bedroom, he began to video record the child on a cell phone. The child was recorded saying, "[Y]ou tell them what you did to me." The child then left the home and went to visit a cousin who lived down the street. The child told the cousin about acts of sexual and physical abuse perpetrated by Spates. When she had trouble expressing herself verbally, she wrote her allegations in a notebook. The cousin also asked the child questions about the abuse and contributed to the written record of the conversation. The child and cousin revealed the allegations to the cousin's mother, who then alerted M.S. The child and M.S. went to the police station in person to make a formal report.

M.S. told Spates they were speaking with the police. Spates also went to the police station. He alleged he wanted to complete a lie detector test and resolve

any misunderstanding. Spates voluntarily spoke with an officer. Initially, Spates denied sending text messages to the child that could be misunderstood to have a sexual intent, but he later admitted to sending certain texts and asking the child to delete them. He denied all allegations of sexual and physical abuse.

Spates was charged with sexual abuse in the second degree, sexual abuse in the third degree, and sexual abuse in the third degree by force or against the will of the other person or with a person twelve or thirteen years of age. He was convicted of all three charges following a jury trial. Spates appeals his convictions and sentences, raising evidentiary issues.

## II. Standard of Review

"We review the admission of evidence challenged as hearsay for the correction of errors at law. Improperly admitted hearsay constitutes grounds for reversal unless the proffering party establishes the error was not prejudicial." *State v. Plain*, 898 N.W.2d 801, 810 (Iowa 2017). "We review all other evidentiary rulings for an abuse of discretion." *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014). We examine the record to determine whether the district court ruled "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

In his final claim, Spates asks this court to adopt and apply the plain-error doctrine. Our supreme court examines its own prior decisions with great caution. *State v. Brown*, 930 N.W.2d 840, 854 (Iowa 2019).

## III. Discussion

### A. Exhibit B

Spates argues that exhibit B, the two notebook pages created by the child and her cousin that details the abuse allegations, was double hearsay and should

have been excluded. He also argues it is not admissible by the recorded recollection exception to the rule against hearsay and that prejudice resulted from its admission. *See* Iowa R. Evid. 5.803(5). The state challenges error preservation.

The State first attempted to enter exhibit B while the child testified. Spates objected, arguing more than half of the exhibit was hearsay and made no further argument for the remainder of the document. Spates's objection was sustained. The State offered exhibit B a second time when the cousin who participated in the creation of the document testified. Spates objected only to admission of the second page of the exhibit. Both pages were admitted. The court heard arguments about exhibit B multiple times following admission. Spates again argued the exhibit was hearsay. The State argued exhibit B was admissible pursuant to the exception for recorded recollections. Ultimately, the exhibit was modified to redact references to another child, but the district court made no ruling specifically on the hearsay objection.

The State's error-preservation challenge is based on the timing of the second hearsay objection. The district court admitted exhibit B while the cousin was testifying. Spates raised a second hearsay objection later, during arguments outside the presence of the jury. The State also argues error is not preserved because the district court never ruled on the second hearsay objection. No post-trial motions regarding exhibit B were filed.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). In the event the

district court does not rule on an issue raised, "the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* Error preservation rests on timely objection at trial. *Roberts v. Newville*, 554 N.W.2d 298, 300 (Iowa Ct. App. 1996). "A timely and specific objection is required to alert the judge to the issue raised and enable opposing counsel to take corrective action to remedy the defect if possible." *Id.* "The initiative is placed on the party, not the judge . . . . [A] failure to object to an offer of evidence at the time the offer is made, assigning the grounds, is a waiver upon appeal of any ground of complaint against its admission." *Milks v. Iowa Oto-Head & Neck Specialists, P.C.*, 519 N.W.2d 801, 806 (Iowa 1994) (quoting John W. Strong, *McCormick on Evidence* § 52, at 200 (4th ed. 1992)).

The record is clear that the first time the State attempted to offer exhibit B, Spates immediately made a hearsay objection that was sustained. The record is also clear that the second time the exhibit was offered, it was admitted following a sidebar discussion. After the cousin's testimony was complete, further record was made. Only then did hearsay reenter the discussion, and no ruling was ever made. Accordingly, error was not preserved. *See Roberts*, 554 N.W.2d at 300.

B.    Social Worker Testimony

The social worker who observed the forensic interview of the child regarding the abuse allegations testified as a rebuttal witness for the State at trial. Spates argues the testimony was inadmissible expert testimony provided by a lay witness and, for the first time on appeal, argues the social worker's statement amounts to vouching. The State argues the social worker was permitted to testify to her observations as a lay witness and contests the error preservation of the vouching

argument. Because the vouching issue was raised for the first time on appeal, it is not preserved. *Meier*, 641 N.W.2d at 537.

The social worker was asked, "And what was [the child's] demeanor like during the interview?" Spates objected and argued the question called for an opinion and improper rebuttal, but the social worker was allowed to answer and describe what she observed of the child's demeanor. The social worker said, "I'd describe her as maybe sullen and not excited. She spoke in a way that as if she were recalling memories, you know, just the flow of the conversation was there."

Iowa Rule of Evidence 5.701 permits a non-expert witness to testify in the form of an opinion that is "(a) Rationally based on the witness's perception; (b) Helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) Not based on scientific, technical, or other specialized knowledge within the scope of rule 5.702." An expert witness is "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education." Iowa R. Evid. 5.702. An expert witness "may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." *Id.*

The parties agree the social worker was a lay witness. The social worker's statements were comprised of her opinion of what she personally witnessed during the child's interview regarding the child's demeanor and would help the jury determine whether the alleged abuse took place. The social worker limited her answer to describing how she perceived the child's emotional state and manner of speaking. Pursuant to the language of rule 5.701, a lay witness may testify to an opinion regarding events that were personally witnessed, provided those

statements aid the jury's fact-finding role and are not based on the types of knowledge described in rule 5.701(c). The social worker's testimony complied with and was permissible pursuant to rule 5.701. Accordingly, we find no abuse of discretion.

### C. Plain Error

Finally, Spates asks this court to reverse his convictions and sentences using the plain-error doctrine. "This court has noted before that 'there may be merit in adopting a plain error rule rather than continuing to stretch the doctrinal limits of the right to counsel to address unpreserved error.' However, we are not at liberty to overturn Iowa Supreme Court precedent." *State v. Grady*, No. 19-0865, 2020 WL 1049833, at *4 (Iowa Ct. App. Mar. 4, 2020) (quoting *State v. Sahinovic*, No. 15-0737, 2016 WL 1683039, at *2 (Iowa Ct. App. Apr. 27, 2016)).

## IV. Conclusion

Spates's hearsay objection following the admission of exhibit B was untimely and no ruling followed. Accordingly error was not preserved. We find no abuse of discretion in admitting the social worker's testimony regarding her observations. We decline to adopt the plain-error doctrine.

**AFFIRMED.**